IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


KELLY J. HARDER,

                          Petitioner,

         v.                                    CASE NO. 07-3148-SAC

STATE OF KANSAS,

                          Respondent.


## O R D E R

This matter is before the court on a petition for writ of habeas corpus under 28 U.S.C. § 2254 filed pro se by a prisoner incarcerated in the Winfield Correctional Facility in Winfield, Kansas.  Having reviewed petitioner's limited financial resources, the court grants petitioner's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915.

Petitioner is currently confined pursuant to the state district court's revocation of petitioner's probation on September 27, 2006. Petitioner claims this restraint is unlawful and seeks his immediate release.  Petitioner contends the extension of the eighteen month probation term imposed in March 2005, and the revocation of his probation after eighteen months and eighteen days, was unlawful under the Kansas statutes.[1]

Comity requires that every claim presented for habeas review

---

[1]Petitioner is advised that federal habeas relief is only available upon a showing that a conviction or sentence violated federal law, and review "does not lie for errors of state law," Estelle v. McGuire, 502 U.S. 62, 67 (1991)(*quoting* Lewis v. Jeffers, 497 U.S. 764, 780 (1990)).

under § 2254 have been presented to one complete round of the procedure established by the state for review of alleged constitutional error. O'Sullivan v. Boerckel, 526 U.S. 838 (1999). An application for a writ of habeas corpus under § 2254 may not be granted unless it appears the applicant has either exhausted state court remedies, or demonstrated that such remedies are unavailable or ineffective under the circumstances.   28 U.S.C. § 2254(b)(1). Petitioner bears the burden of showing exhaustion.  *See* Hamm v. Saffle, 300 F.3d 1213, 1216 (10th Cir. 2002); Olson v. McKune, 9 F.3d 95, 95 (10th Cir. 1993).

In the present case, petitioner cites a state habeas petition filed directly in the Kansas Supreme Court under K.S.A. 60-1501, which that court summarily denied approximately three weeks later. Petitioner also cites a pending appeal in his state criminal case. Neither of these actions reflects a proper and complete exhaustion of petitioner's state court remedies.[2]

The court thus directs petitioner to show cause why the petition should not be dismissed without prejudice based upon petitioner's failure to fully and properly exhaust state court remedies.  The failure to file a timely response may result in the

---

[2]A petitioner does not exhaust remedies on his claims by presenting them to the state's highest court for review in a discretionary or procedural "context in which [their] merits will not be considered unless there are special and important reasons." Castille v. Peoples, 489 U.S. 346, 351 (1989)(internal quotation marks omitted).  *See also* O'Sullivan, 526 U.S. at 842 (1999) (exhaustion of state remedies requires a petitioner to properly present the same claims set out in the federal habeas petition to the highest state court on direct appeal or in a state post-conviction proceeding); Demarest v. Price, 130 F.3d 922, 932 (10th Cir. 1997)("The exhaustion doctrine requires a state prisoner to 'fairly present[ ]' his or her claims to the state courts before a federal court will examine them.")(citations omitted).

petition being dismissed without further prior notice to petitioner.

Petitioner's motion for appointment of counsel is denied without prejudice. There is no constitutional right to the appointment of counsel in either state post-conviction proceedings or in federal habeas corpus proceedings. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Instead, whether counsel should be appointed is left to the discretion of the court. *See* Swazo v. Wyoming Dept. of Corrections State Penitentiary Warden, 23 F.3d 332 (10th Cir. 1994) (no constitutional right to counsel beyond appeal of criminal conviction; appointment of counsel in habeas corpus proceeding is left to court's discretion). Having reviewed petitioner's claims, his ability to present said claims, and the complexity of the legal issues involved, Long v. Shillinger, 927 F.2d 525, 526-27 (10th Cir. 1991)(factors to be considered in deciding motion for appointment of counsel), the court finds the appointment of counsel in this matter is not warranted.

IT IS THEREFORE ORDERED that petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is granted.

IT IS FURTHER ORDERED that petitioner is granted twenty (20) days to show cause why the petition should not be dismissed without prejudice for the reasons stated by the court.

IT IS FURTHER ORDERED that petitioner's motion for appointment of counsel (Doc. 3) is denied without prejudice.

**IT IS SO ORDERED.**

DATED:  This 3rd day of July 2007 at Topeka, Kansas.

s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

3